# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

CHERRELL BAKER                                                                                    PLAINTIFF

v.                                        CASE NO: 2:17-CV-00008 BSM

LEE COUNTY, ARKANSAS, et al.                                                         DEFENDANTS

## ORDER

Defendant Mike Middleton's motion to dismiss [Doc. No. 26] is granted on plaintiff Cherrell Baker's official capacity claims, denied on Baker's individual capacity claims, and granted on Baker's state law claims.

A claim against Middleton in his official capacity is the same as a claim against the State of Arkansas. *See Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) (a suit against a governmental employee in his official capacity is a suit against the government). Further, the state of Arkansas is immune from suit by the Eleventh Amendment unless it consents to the suit. *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). An exception to this immunity exists when a plaintiff seeks an injunction against a state official. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Although Baker requests injunctive relief in her prayer for relief, she cannot receive an injunction because she has failed to show that there is an ongoing violation of law. The state of Arkansas is therefore immune from suit, and Middleton's motion to dismiss is granted on Baker's official capacity claims.

Middleton's motion to dismiss Baker's individual capacity claims is denied. Baker alleges that Middleton arrested her without a warrant and without probable cause. *See* Compl. ¶¶ 16, 23, 31, Doc. No. 2. She claims she asked Middleton if she was under arrest, and he said "Yes," and told her to follow him to the police station. *Id.* ¶16. She says Middleton threatened that she would face federal charges if she did not give a statement. *Id.* ¶¶ 17, 21. Middleton denies Baker's claims and states that Baker was never arrested. Doc. No. 27-1, at 5. In determining whether an individual is under arrest, a court must look at "the totality of the circumstances" and determine whether the "suspect's freedom of action is curtailed to a degree associated with formal arrest.'" *Park v. Shiflett*, 250 F.3d 843, 850 (4th Cir. 2001) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)). When the facts are viewed in the light most favorable to Baker, it is clear that Baker has sufficiently alleged that Middleton arrested her without probable cause.

The next question is whether Middleton is immune from this claim. *See* Doc. No. 27, at 8. "Qualified immunity is an affirmative defense, to be upheld in a motion to dismiss only when the immunity can be established on the face of the complaint." *Bradford v. Huckabee*, 330 F.3d 1038, 1041 (8th Cir. 2003)).

To determine whether an officer is entitled to qualified immunity, a court considers 1) whether the facts, construed in a light most favorable to the plaintiff, establish a violation of a constitutional right and 2) whether that right was clearly established at the time of the violation, such that a reasonable officer would have known that his actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If either question is answered in the

negative, then the officer is entitled to qualified immunity. *Keil v. Triveline*, 661 F.3d 981, 985 (8th Cir. 2011). Baker has sufficiently alleged a Fourth Amendment violation, and the right to bee free from arrest without probable cause was clearly established on May 13, 2014, when the incident at issue occurred. *See Stoner v. Watlingten*, 735 F.3d 799, 804 (8th Cir. 2013). For these reasons, Middleton's claim of immunity cannot be established on the face of the complaint, and the motion to dismiss based on qualified immunity is denied. *See Bradford*, 330 F.3d 1041.

Baker's common law claim for false arrest is barred by the statute of limitations. Arkansas has a one-year statute of limitations for false arrest and false imprisonment claims. Ark. Code. Ann. § 16-56-104(2); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *Headrick v. Wal Mart Stores, Inc.*, 738 S.W.2d 418, 420 (Ark. 1987) (explaining false arrest and false imprisonment are the same tort). The incident Baker complains about occurred on May 13, 2014, Compl. ¶ 13, and she did not file the predecessor lawsuit to this case until December 4, 2015. Baker's state law claim is therefore dismissed with prejudice. *See Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir. 1992) ("a complaint is subject to dismissal for failure to state a claim 'when the affirmative [limitations] defense clearly appears on the face of the complaint'").

For these reasons, Middleton's motion to dismiss [Doc. No. 26] is granted on Baker's official capacity claims, denied on Baker's individual capacity claims, and granted on Baker's state law claims.

IT IS SO ORDERED this 3rd day of October 2017.

_____
**UNITED STATES DISTRICT JUDGE**